CARLOS BANCROFT *v.* PEARCE & DWINNELL.

*Principal and surety.*

A payment made by a surety, in compromise of his supposed liability, upon a disputed claim against him and his principal, may be recovered by the surety of the principal, if it turns out that there was an actual liability, and the principal has, or is entitled to the benefit of the payment, in discharge of so much of the original claim against him.

ASSUMPSIT.  The declaration contained the general money counts, under which the plaintiff claimed to recover for money paid upon a jail bond, on which he was surety for the defendants, and for money paid for counsel fees in defending a suit on said jail bond.  Plea, the general issue; trial by the court, September Term, 1853,—POLAND, J., presiding.

The plaintiff read, in evidence, said jail bond, and the record of a recovery on it, in favor of Holbrook, Bowman & Co., against the plaintiff and defendants, and in reference thereto the following facts were shown.  The plaintiff signed said jail bond as surety for the defendants, and the defendants were discharged by taking the poor debtor's oath, as they claimed; but a suit was commenced on said bond, by J. A. Wing, (who was the owner of the debt,) in the name of Holbrook, Bowman & Co., who claimed a recovery, on the ground that the discharge of the defendants was not in conformity with the requirements of the statute.  Counsel were employed to defend said suit, and while it was pending in the supreme court, the plaintiff made an arrangement with Wing, by which the plaintiff was to pay, and did pay, the sum of $175.00; and Wing agreed that in case he should finally recover, in said action on the bond, he would not call on the plaintiff to pay any further sum,— and said sum of $175.00 was to apply as a payment upon the debt to that extent, and Wing executed a bond to the plaintiff, containing said stipulations.  The plaintiff made no further defense to the suit, but the counsel originally employed continued to appear and defend the same for the defendants, up to the time of the final judgment therein.

A similar suit, on a jail bond, was pending in Lamoille county, at the same time, which involved the validity of a discharge, such as the defendants had obtained, which was decided by the supreme court in favor of the plaintiff in that suit, while this suit was pend-

ing ; and a judgment was thereupon taken by the plaintiff in said jail bond suit, without any further trial. Wing caused the judgment to be made up for the whole amount of the original judgment, without deducting the $175.00 paid by the plaintiff, but it did not appear that Wing ever refused to apply the same, or attempted to collect the full amount of the defendants.

The defendants, previous to the recovery of final judgment in said jail bond suit, knew that the plaintiff had paid said sum of $175.00, and had been discharged from any further liability, by said Wing.

The court adjudged that the plaintiff was entitled to recover said sum of $175.00, and interest from the time the same was paid, and the further sum of $126.20, which, it appeared, he had paid to the counsel originally employed, to which the defendants excepted.

*S. Wheeler* and *T. P. Redfield* for the defendants.

*J. A. Wing* and *Peck & Colby* for the plaintiff.

The opinion of the court was delivered by

BENNETT, J. If there is any difficulty in maintaining this action by the surety, against the principals upon the jail bond, it arises from the fact that Wing did not apply the money on the jail bond, but took a judgment for the full sum of the original judgment.

The $175.00 which the surety paid, was, by agreement between him and Wing, to apply as payment, to that extent, on the debt,— and, when the surety had paid that sum, and had obtained from Wing his bond that he should not further call upon the surety, in case he got judgment on the jail bond, he ceased further to defend the action, but left that exclusively with the principals. The principals, before final judgment was rendered against them, were aware the surety had paid the $175.00, and that he had been discharged from further liability, although it is not stated that they knew that it was to be applied as payment *pro tanto ;* yet this is the proper inference, following from the payment of the money, unless there is enough in the case to show it otherwise. At all events, the defendants knew enough to put them on inquiry, before they permitted the damages to be assessed for the full amount of the debt.

It turned out that the plaintiff, as well as the defendants, were legally liable on the jail bond, and the surety might well pay the debt, without any express request from the principals, and go against them for money paid to their use, upon an implied request, growing out of the relation of principal and surety. So far as this plaintiff is concerned, it was as much the duty of the principals upon the bond to see the $175.00 applied upon it, as it was the duty of Wing. Though the damages were assessed for the full amount of the debt, yet it does not appear that Wing has ever taken out execution, or attempted to enforce the collection of the full amount of the judgment, or has ever refused to make the application of the $175.00 on the judgment. The judgment might be conclusive upon the defendants, at law, yet if Wing should attempt the collection of the whole debt, chancery would relieve against it, by way of injunction, and compel the payment of costs. It would be highly unjust to deny the right of the plaintiff in this case to recover of the principals, and turn him over to a remedy against Wing, if any such he could have, which it is not necessary to inquire.

The result is, the judgment of the county court is affirmed.